PAUL KELLY, JR., Circuit Judge,
dissenting.
An accused’s right to confront and cross-examine the witnesses against him ought not be subverted by subterfuge and trickery. Mr. Cook’s statement was set up by the government and designed to constitute testimony. A reasonable person, aware of the true situation, would know that.
I would thus hold that admitting a custodial confession that blames a co-defendant, where the co-defendant will be unable to confront the declarant, violates both the Confrontation Clause and the Federal Rules of Evidence’s hearsay rule.
First, the Confrontation Clause forbids the use of this testimony. If Mr. Cook and Mr. Smalls were tried together, the Confrontation Clause would bar using the confession against Mr. Smalls. Bruton v. United States, 391 U.S. 123, 137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (cited with approval, Crawford v. Washington, 541 U.S. 36, 57, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). To avoid such a violation, the district court severed their trials. The government claims that severance solved any Confrontation Clause problems. But this is absurd. Severance does not cure Mr. Smalls’s inability to cross-examine Mr. Cook.
Testimony need not result from formal interrogation. Rather, confessions elicited by governmental agents are sufficiently formal “when the circumstances objectively indicate that there is no ... ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.” Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Here, the govern *788 ment surreptitiously induced Mr. Cook to testify against himself and others so that the government may prosecute them for a past murder. Any declarant with full knowledge of the facts would reasonably assume the government could and would use his words in investigation and prosecution.
The Founders enacted the Confrontation Clause to address exactly this situation. Crawford, 541 U.S. at 53 & n. 4, 124 S.Ct. 1354. They despised the civil law practice in which the government elicits ex parte confessions from incarcerated accomplices, uses them in court against an accused, and does not allow the accused to confront the declarants in court. Crawford, 541 U.S. at 43, 49-50, 124 S.Ct. 1354. “Involvement of government officers in the production of testimony with an eye toward trial presents unique potential for prosecutorial abuse — a fact born out time and again through history with which the Framers were keenly familiar.” Crawford, 541 U.S. at 56 n. 7, 124 S.Ct. 1354. These constitutional concerns are present whether or not the declarant knows that the government is tricking him into admitting his involvement and at the same time manufacturing “testimony” against another. To accurately and objectively judge this situation, therefore, a court must consider all the circumstances — including that the government tricked the declarant and tampered with his reasonable expectations.
The court today, however, misinterprets the Confrontation Clause and renders it blind to such tactics. By limiting the objective inquiry solely to information known to the declarant when he spoke, the court enables the government to use lies and ruses to skirt the Constitution. To the extent other circuits agree with today’s holding — that government agents may obtain testimonial evidence by tricking a declarant, and then introduce it against an accused without allowing the accused to cross-examine the declarant — -they reason wrongly and violate the rights of the accused. Cf. Davis, 547 U.S. at 826, 126 S.Ct. 2266 (disapproving of police evasions of the Confrontation Clause).
The majority also likens this case to precedents concerning entirely different situations. Bourjaily v. United States, a conspiracy case pre-dating Crawford, concerned the admission of a statement unwittingly made to an informant during and in furtherance of a conspiracy. 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); see Fed.R.Evid. 801(d)(2)(E). Admitting that statement “did not violate the Confrontation Clause for the ... reason that it was not (as an incriminating statement in furtherance of the conspiracy would probably never be) testimonial.” Giles v. California, -U.S.-, 128 S.Ct. 2678, 2691 n. 6, 171 L.Ed.2d 488 (2008); see also United States v. Saget, 377 F.3d 223, 229 (2d Cir.2004) (admitting a co-conspirator’s non-custodial statement that agents had elicited). Likewise, in Dutton v. Evans, remarks heard by a passive cellmate, who was not a government agent and who did not elicit any information, were not testimony. 400 U.S. 74, 87-89, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).
Radically different and much more serious, in this case (1) Mr. Cook’s listener was an authorized informant; (2) no court has found by a preponderance of the evidence that Mr. Cook made the statement during or in furtherance of a conspiracy; (3) the interrogation took place in jail, after the commission of the crime; (4) the informant actively solicited detailed information for use in investigation and prosecution; and (5) this was not an offhand remark nor a friendly chat.
Second, the district court correctly held that the Federal Rules of Evidence exclude this confession as hearsay. Fed R. *789 Evid. 802. The court disagrees, holding that the “statement against interest” exception applies. Fed R. Evid. 804(b)(3). Under this exception, the hearsay rule does not exclude purely self-inculpatory statements. Williamson v. United States, 512 U.S. 594, 599-600, 603, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). Self-exculpatory statements do not fall under this exception. See Ct. Op. at 28. They are too unreliable to be admitted, even if mixed with elements of self-inculpation, because “[o]ne of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature.” Id. at 599—600, 114 S.Ct. 2431. “This is especially true when the statement implicates someone else.” Id. at 601, 114 S.Ct. 2431.
Mr. Cook’s confession, while inculpating himself in some ways, was not purely inculpatory. He did not take full and sole responsibility for the crime. Rather, he minimized his participation. He equivocated and gave excuses for himself like, “We was just playin’.” Mr. Cook cast primary responsibility on Mr. Melgar-Diaz and Mr. Smalls, and claimed that he himself was “justa accessory.” Statements shifting blame to others are not truly self-inculpatory. Id. at 603, 114 S.Ct. 2431. Mr. Cook’s confession does not fall under the “against interest” exception, in no small part because a “reasonable person in [his] position might even think that implicating someone else would decrease his practical exposure to criminal liability.” Id. at 604, 114 S.Ct. 2431.
Supreme Court cases surviving Crawford buttress this conclusion. No hearsay exception firmly roots accomplice confessions inculpating another. Lilly v. Virginia, 527 U.S. 116, 134, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (plurality opinion) (cited with approval, Crawford, 541 U.S. at 56, 58, 124 S.Ct. 1354); Lee v. Illinois, 476 U.S. 530, 545, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) (cited with approval, Crawford, 541 U.S. at 58-59, 124 S.Ct. 1354). Courts exclude accomplices’ blame-spreading confessions because they are inherently untrustworthy. Lilly, 527 U.S. at 133-34, 137-38, 119 S.Ct. 1887. What would give such confessions reliability — that they were so far against one’s penal interest that no reasonable person would make them — is not present when a declarant furthers, or at least thinks he is furthering, his own interests by minimizing his participation and spreading guilt. Id. at 131-32, 119 S.Ct. 1887.
Mr. Smalls has the right to confront Mr. Cook if the government uses Mr. Cook’s confession against him. The Confrontation Clause and the Federal Rules of Evidence’s ban on hearsay evidence exist to prevent convictions based upon untrustworthy and unchallengeable evidence. The court today allows the government to evade these laws through trickery and subterfuge. In so doing, this court enables the government to convict Mr. Smalls on an unconstitutional basis.
I thus would exclude Mr. Cook’s statements and affirm the district court.